UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause 4:20CR439 SRC(SPM) |
| ) | |
| PATRICK COCKRELL ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

On August 26, 2020, this matter came before the undersigned for a hearing on the United States' motion for pretrial detention which was contested by defendant. (Doc. 4).

Under the Bail Reform Act, a detention hearing shall be held on the government's motion in a case involving (1) a crime of violence; (2) an offense carrying a penalty of life imprisonment or death; (3) a federal drug offense carrying a penalty of ten years or more; (4) a felony following convictions for two or more of the three foregoing offenses; or (5) any felony that is not otherwise a crime of violence that involves a minor victim, or that involves the possession or use of a firearm or destructive device or any other dangerous weapon or involves a failure to register as a sex offender.  18 U.S.C. §3141(f)(1).  The court may hold a hearing on its own motion or the government's motion in a case that involves

1

serious risk of flight or a serious risk that the person will obstruct or attempt to obstruct justice; threaten, injure or intimidate or attempt to threaten, injure or intimidate a prospective witness or juror.  18 U.S.C. §3141(f)(2).

In this case, defendant was initially charged in a complaint with a federal drug offense—distribution of fentanyl. As such, the United States was entitled to a detention hearing. The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained:

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

*United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

In determining whether there are conditions that will reasonably assure a defendant's appearance or the safety of the community, the Bail Reform Act requires consideration of: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including defendant's past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the danger the

Case: 4:20-cr-00439-SRC-SPM Doc. #: 20 Filed: 08/31/20 Page: 3 of 10 PageID #: 29

defendant poses to any person or the community upon his release. 18 U.S.C. § 3142(g).

As the Eighth Circuit has explained, in passing the Bail Reform Act, Congress was "demonstrating its concern about 'a small but identifiable group of particularly dangerous defendants.'" *Orta*, 760 F.2d at 890 (quoting S.Rep. No. 225, 98th Cong., 1st Sess. 6-7). "The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *Id.* at 891. As the *Orta* Court explained: "[T]he legislative history stresses that the decision to provide for pretrial detention is in no way a derogation of the importance of the defendant's interest in remaining at liberty prior to trial. ***It is anticipated that pretrial release will continue to be appropriate for the majority of Federal defendants***." *Id.* at 890 (citing S.Rep. No. 225, 98th Cong., 1st Sess. p. 12) (emphasis in original).

As the Supreme Court recognized in *United States v. Salerno*, 481 U.S. 739, 755 (1987), "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception . . . ." As such, "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985).

However, defendant in this case was initially charged by complaint with a federal drug offense that could result in a maximum statutory term of

3

imprisonment of 20 years; and, not long after the detention hearing, a federal grand jury returned an indictment charging defendant with the same offense alleged in the complaint. As such, the government's case is aided by a rebuttable presumption that no condition or combination of conditions will reasonably assure defendant's appearance as required and the safety of the community.  *See* 18 U.S.C. §3142(e)(3).  Defendant has the burden to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee.  *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).  If the defendant produces such evidence, the statutory presumption does not disappear; rather, the court must consider the presumption along with all other evidence and determine whether the evidence as a whole supports pretrial detention.  *Id.*  Throughout all, the government retains the burden of proof described above, *see id.*, and the defendant retains the presumption of innocence. 18 U.S.C. § 3142(j).

## DISCUSSION

After carefully considering all evidence of record, the written report submitted by Pretrial Services,  and the arguments of counsel, and after weighing all of the factors under the Bail Reform Act, including the rebuttable presumption, I find that the United States has failed to demonstrate by the applicable standard

4

that no conditions can reasonably assure the Defendant's appearance or the safety of the community if Defendant is released.

First, defendant has produced sufficient evidence to meet his burden of production; and thus, has overcome (but not completely eliminated) the presumption. Defendant demonstrated that he has a stable home plan and has financial and emotional support from his family and girlfriend, with whom he lives. He was in an educational program earlier in the year but it was terminated due to the ongoing pandemic. Defendant is involved in caring for his three children who reside in the St. Louis area. Although the instant charges may provide an incentive to flee, evidence that defendant has strong family and community ties to the St. Louis area, where he has lived his entire life, and evidence that, even if he wanted to flee, defendant lacks the financial wherewithal to do so, suggests that defendant is unlikely to flee.

Defendant also produced sufficient evidence to rebut the presumption that no conditions would reasonably assure the community's safety. In this case, defendant is charged with distribution of $200 worth of fentanyl to undercover DEA agents on August 19, 2020. Although the United States proffered evidence that defendant supplied fentanyl to an individual who died of an overdose the day before the agents' controlled purchase from defendant, defendant is not currently charged with causing death. Defendant has one prior felony conviction for

5

unlawful use of a weapon—a crime he committed when he was 18 years old. The charge arose from defendant's possession of a concealed firearm, and there is no evidence defendant was engaged in any violent conduct in connection with the firearm possession. Although the evidence suggests defendant uses marijuana, there is no evidence he abuses alcohol or uses other illicit substances. Defendant's girlfriend (who appeared at the video hearing) and defense counsel indicated their willingness to ensure defendant appears and otherwise comply with release conditions. In sum, because defendant has produced sufficient evidence to overcome the presumption, the Court must consider all of the factors set forth in section 3142(g) to determine whether detention is warranted.

The nature and circumstances of the offense charged is a mixed bag. On one hand, Cockrell is undeniably facing a very serious charge—fentanyl distribution—and is alleged to have drawn the attention of law enforcement when he sold fentanyl to a person who subsequently died of a drug overdose. On the other hand, however, the specific charge before the Court appears to be limited to defendant's activity on a single day—August 19th—when he allegedly sold approximately $200 worth of fentanyl pills to undercover DEA agents. There is little evidence in the record that Cockrell engaged in any violent conduct or possessed any firearms at the time of his arrest for the charged offense.

The government's case appears to be strong in that it is based on a controlled buy by agents from the defendant and it appears defendant made incriminating statements at the time of his arrest.

Defendant's character, physical and mental condition, family and community ties, employment, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings is a mixed bag but weighs more in favor of release than detention. As noted above, Cockrell has strong family and community ties and has provided what appears to be a stable home plan with his girlfriend, who is gainfully employed and has pledged to continue supporting him financially.  Cockrell was enrolled in an educational program before the pandemic and presumably could continue to pursue an educational program, perhaps virtually. Except for the felony conviction committed when he was 18 years old noted above, Cockrell's criminal history consists mostly of misdemeanor and driving-related offenses.  Although the Pretrial Services report reflects multiple probation violations, those violations, like the crime for which defendant was under supervision, were remote in time.

Finally, the evidence presented suggests there may be some risk that, if released, Cockrell will sell drugs.  However, the evidence presented is neither clear nor convincing that Cockrell's release pending trial poses the type of danger to the community that Congress envisioned when it passed the expanded detention

provisions in the Bail Reform Act.  Congressional history demonstrates that the purpose of the expanded detention provisions in the Bail Reform Act is to authorize detention "where there is a strong possibility that a person will commit additional crimes if released." H.R.Rep. at 7, U.S.Code Cong. & Admin.News at 3189. The statutory "safety of the community" language "refers to the danger that the defendant might engage in criminal activity to the detriment of the community" in which continued drug trafficking is of particular concern. H.R.Rep. 12–13, U.S.Code Cong. & Admin.News at 3195–96. Congressional history makes clear that the rebuttable presumption for drug offender provisions were particularly focused on "persons charged with major drug felonies" who are "often in the business of importing or distributing dangerous drugs" and because of the nature of this criminal activity they pose a "significant risk of pretrial recidivism." H.R.Rep. at 20, U.S.Code Cong. & Admin.News at 3203.

  Here, there is strong evidence that Cockrell distributed fentanyl—a drug widely recognized as a "dangerous drug."  However, the conduct alleged (including the events leading up to the undercover purchase) span a period of two days and appear to involve a relatively small quantity of drugs. The narrow charge against Cockrell and very limited information provided by the government regarding the scope of his suspected drug trafficking activities, do not add up to

clear and convincing evidence that Cockrell is a major drug trafficker who is regularly engaged "in the business of importing or distributing dangerous drugs."

In sum, the record in this case falls short of clear and convincing evidence that no conditions would reasonably assure the safety of the community if defendant is released. The record before this Court also does not demonstrate, by a preponderance of the evidence, that there are no conditions that would reasonably assure defendant's appearance if he is released.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' motion for pretrial detention (Doc. 4) is **DENIED.**

**IT IS FURTHER ORDERED** that the undersigned will hold a bond execution hearing via Zoom on **Wednesday,  September 2, 2020, at 1:30 p.m.** Members of the general public who wish to listen in to the hearing are directed to call the following number: 1-669-254-5252, Meeting ID: 161 928 6499. Pursuant to Local Rule 13.02, all means of photographing, recording, broadcasting, and televising are prohibited in any courtroom, and in areas adjacent to any courtroom, except when authorized by the presiding judge. This includes proceedings ordered by the Court to be conducted by telephone or video.

_____

                                        SHIRLEY PADMORE MENSAH
                                        U.S. MAGISTRATE JUDGE

Dated: August 31, 2020.